IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VITAWORKS IP, LLC, AND VITAWORKS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>GLANBIA NUTRITIONALS (NA), INC.,<br><br>Defendant. | Civil Action No. 19-2259-CFC |

---

Jack B. Blumenfeld, MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, Delaware; Megan E. Dellinger, MORRIS, NICHOLS, ARSHT & TUNNELL LLP; Keith R. Hummel, CRAVATH, SWAINE & MOORE LLP, New York, New York; Daniel Greenwald, CRAVATH, SWAINE & MOORE LLP, New York, New York

    *Counsel for Plaintiff*

Alessandra Glorioso, DORSEY & WHITNEY LLP, Wilmington, Delaware; Eric Lopez Schnabel, DORSEY & WHITNEY LLP, Wilmington, Delaware; Paul T. Meiklejohn, DORSEY & WHITNEY LLP, Seattle, Washington; Geoffrey M. Godfrey, DORSEY & WHITNEY LLP, Seattle, Washington; Erin Kolter, DORSEY & WHITNEY LLP, Seattle, Washington; Ryan B. Meyer, DORSEY & WHITNEY LLP, Seattle, Washington

    *Counsel for Defendant*

## **MEMORANDUM OPINION**

December 30, 2020
Wilmington, Delaware

> /s/ Colm F. Connolly
> COLM F. CONNOLLY
> UNITED STATES DISTRICT JUDGE

Plaintiffs Vitaworks IP, LLC and Vitaworks, LLC (collectively, Vitaworks) have filed a Complaint for Patent Infringement against Defendant Glanbia Nutritionals (NA), Inc., pursuant to 35 U.S.C. § 271(g). D.I. 1. Glanbia has filed a Motion to Dismiss Plaintiffs' Complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. D.I. 8. For the reasons discussed below, I will deny the motion to dismiss.

I. BACKGROUND[2]

A. Factual Background

Vitaworks was founded by Dr. Songzhou Hu to develop syntheses of food ingredients and biorenewable engineering materials. D.I. 1 ¶¶ 2, 7. Dr. Hu assigned to Vitaworks IP, LLC certain patents related to synthesizing taurine. D.I. 1 ¶ 6. Vitaworks, LLC is the exclusive licensee of these patents. D.I. 1 ¶¶ 6, 7. Three of these patents claim "Sulfate-Free Processes" for synthesizing taurine: U.S. Patent Nos. 9,745,258 (the #258 patent), 9,815,778 (the #778 patent), and 9,926,265 (the #265 patent). D.I. 1 ¶ 1. These patents are titled "Cyclic Process

---

[2] When assessing the merits of a Rule 12(b)(6) motion to dismiss, I accept as true all factual allegations in the Complaint and view those facts in the light most favorable to the plaintiff. *See Umland v. Planco Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008).

for Producing Taurine." D.I. 1 ¶¶ 29–31. Vitaworks, LLC also licenses patents, not asserted here, claiming "Recycling Improvements" on an ethylene oxide-based method of manufacturing taurine. D.I. 1 ¶ 17.

Glanbia imports taurine from Chinese manufacturers, including Qianjiang Yongan Pharmaceutical Co., Ltd. (QYP), into the United States. D.I. 1 ¶¶ 4, 8. Glanbia supplies this taurine to manufacturers for use in nutritional supplements and beverages. D.I. 1 ¶ 50.

In May 2014, Dr. Hu met with QYP's Chairman and Chief Technology Officer (CTO) to negotiate licensing Vitaworks' patents claiming Recycling Improvements. D.I. 1 ¶ 37. Dr. Hu provided QYP with a copy of the specification and drawings from a pending patent application. D.I. 1 ¶ 37. Dr. Hu and QYP failed to reach an agreement to license the patented process. D.I. 1 ¶ 37. Shortly thereafter, QYP executives made statements suggesting that QYP's taurine manufacturing process included some steps of the Recycling Improvements. D.I. 1 ¶¶ 38–39. Then, QYP filed a Chinese patent application for a "Method for Cyclically Producing Taurine at High Yield," which discloses an embodiment that recites an element of the Recycling Improvements. D.I. 1 ¶ 40.

In September 2016, Dr. Hu filed an application for what would become the #258 patent, claiming the Sulfate-Free Processes. D.I. 1 ¶¶ 29, 41. In October 2016, Dr. Hu approached QYP to negotiate licensing the Sulfate-Free Processes

2

patents and provided the company with his patent application. D.I. 1 ¶ 41. The parties again failed to reach a licensing agreement. D.I. 1 ¶ 41.

In early 2018, QYP opened a new taurine manufacturing plant. D.I. 1 ¶ 42. It represented to the Chinese Ministry of Ecology and Environment that QYP's taurine manufacturing process does not use sulfuric acid and does not generate sodium sulfate. D.I. 1 ¶ 42. QYP's CTO also told Dr. Hu's brother that the company's taurine synthesis had a nearly 100% yield. D.I. 1 ¶ 43. The Sulfate-Free Processes are the only commercially viable processes that share these features. D.I. 1 ¶¶ 42–43. Vitaworks obtained taurine made in QYP's new manufacturing plant and confirmed that the samples did not contain sulfate. D.I. 1 ¶ 44. The taurine from QYP was a free-flowing crystalline powder, like that obtained via the Sulfate-Free Processes. D.I. 1 ¶ 45.

## B. Procedural History

Vitaworks filed its Complaint for Patent Infringement alleging that Glanbia violated 35 U.S.C. § 271(g) by importing into the United States, offering for sale, and selling taurine made by processes claimed by the three Sulfate-Free Processes patents. D.I. 1. Glanbia filed a Motion to Dismiss Vitaworks' Complaint for failure to state a claim. D.I. 8. The parties fully briefed the Motion to Dismiss. *See* D.I. 9, D.I. 14, D.I. 16.

3

## II. LEGAL STANDARDS FOR STATING A CLAIM

To state a claim on which relief can be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Detailed factual allegations are not required, but the complaint must "give the defendant fair notice of what the claim is," and must include more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). The complaint must set forth enough facts, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

A plaintiff "need not prove its case at the pleading stage" or "plead facts establishing that each element of an asserted claim is met." *Nalco Co. v. Chem–Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018) (internal quotation marks and citations omitted). But the complaint must plead "enough facts to raise a reasonable expectation that discovery will reveal evidence of each necessary element of a plaintiff's claim." *Align Tech., Inc. v. 3Shape A/S*, 339 F. Supp. 3d 435, 441 (D. Del. 2018) (internal quotation marks and citation omitted).

4

## III. DISCUSSION

Vitaworks states a plausible claim that Glanbia infringes the asserted patents under 35 U.S.C. § 271(g) by importing and reselling taurine produced by an allegedly infringing foreign manufacturer, QYP. Vitaworks alleges that Dr. Hu disclosed the first patent application for the Sulfate-Free Processes to QYP. D.I. 1 ¶ 41. Vitaworks alleges that QYP then opened a new plant that manufactured taurine with a near-perfect yield without using sulfuric acid or generating sodium sulfate. D.I. 1 ¶ 42. The Sulfate-Free Processes are purportedly the only commercially viable taurine-manufacturing processes that share these features. D.I. 1 ¶ 43. Vitaworks states that it confirmed the physical similarities between QYP's taurine and taurine produced via the Sulfate-Free Processes. D.I. 1 ¶¶ 44–45. These allegations support a reasonable inference that QYP practices the Sulfate-Free Processes patents and that Glanbia thus violates § 271(g) by importing QYP's taurine.

Glanbia argues that Vitaworks fails to satisfy the *Twombly/Iqbal* pleading standard because Vitaworks does not identify any claim of the asserted patents that is allegedly practiced by QYP. D.I. 9 at 7–11. Glanbia cites several cases in which patent infringement actions were dismissed under Rule 12(b)(6) for failure to identify an infringed claim and to allege facts showing how an accused process practices each step of the claimed method. For example, this Court dismissed a

5

complaint that merely "identif[ied] an accused product" and "assert[ed] that the [accused product] meets the elements of one identified claim." *SuperInterconnect Techs. LLC v. HP Inc.*, Civil Action No. 19-0169-CFC, 2019 WL 6895877, at *2 (D. Del. Dec. 18, 2019). Vitaworks' complaint differs from the complaints in the cited cases in that it contains more than a barebones recitation of the elements of an infringement claim. Vitaworks alleges that QYP saw the application for one of the asserted patents and thereafter began producing taurine with the unique characteristics of taurine produced by the patented method. Vitaworks' allegations "raise a reasonable expectation that discovery will reveal evidence of each necessary element of a plaintiff's claim" such that dismissal is unwarranted. *Align Tech*, 339 F. Supp. 3d at 441.

## IV. CONCLUSION

For the reasons discussed above, I will deny Glanbia's Motion to Dismiss for failure to state a claim.

The Court will enter an order consistent with this Memorandum Opinion.