IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VITAWORKS IP, LLC and VITAWORKS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>GLANBIA NUTRITIONALS (NA), INC. and PRINOVA US LLC,<br><br>Defendants. | ) | C.A. No. 19-2259 (CFC)<br>**CONSOLIDATED** |

**VITAWORKS' MOTION FOR LEAVE TO AMEND ITS COMPLAINTS AGAINST GLANBIA AND PRINOVA**

Plaintiffs Vitaworks IP, LLC and Vitaworks, LLC ("Vitaworks") move, under Rule 15 and within the time set under the Scheduling Order (D.I. 44), for leave to amend its Complaint in each of these two consolidated cases (1) to assert infringement of Claims 1 and 3–8 of U.S. Patent No. 10,040,755 (the "'755 Patent") and Claims 1, 4, 7–9 of U.S. Patent No. 10,961,183 (the "'183 Patent") (which issued on March 30, 2021); and (2) to join as a defendant Qianjiang Yongan Pharmaceutical Co. Ltd. ("QYP"), the foreign manufacturer supplying taurine made using Vitaworks' patented processes to Defendants Glanbia Nutritionals (NA), Inc. and Prinova US, LLC. Clean and redlined copies of the proposed amended pleadings are attached as Exhibits A–D.

## I. BACKGROUND

Vitaworks' Complaints assert infringement of U.S. Patent No. 9,745,258; No. 9,815,778; and No. 9,926,265 (the "Patents-in-Suit"). This Court denied Defendants' motion to dismiss on December 30, 2020. (D.I. 28.) A Scheduling Order was entered on April 14, 2021, under which fact discovery is set to close on June 8, 2022, and trials are scheduled for March 20 and April 17, 2023. (D.I. 44.)

Under paragraphs 2(a) and 2(b) of the Scheduling Order, on April 18 and May 14, 2021, Defendants produced certain information concerning the process QYP uses to produce taurine. Based on this information, the issuance of the '183 Patent on March 30, 2021 (which Defendants infringe), and the resolution of IPRs concerning other Vitaworks patents that are related to the '755 Patent, Vitaworks decided to assert the '183 Patent and '755 Patent against Defendants. Vitaworks included detailed claim charts for those two patents (spanning 111 pages) in their infringement contentions, which were served on Defendants on June 14, 2021. In those infringement contentions, Vitaworks notified Defendants of their intent to move to amend the Complaints to include the '183 Patent and '755 Patent.

Defendants have repeatedly contended that QYP, and not they, possesses the relevant information relating to QYP's processes for manufacturing taurine, and have repeatedly suggested that Vitaworks should join QYP to these actions, including in their unsuccessful motion for a stay (*see, e g.*, D.I. 33 at 8–9; D.I. 41 at

1–2; Ex. E, 4/14/21 Hr'g Tr. at 6:4–7:9), and in subsequent correspondence. On June 16, 2021, Vitaworks informed Defendants that it was considering whether to agree to Defendants' requests to include QYP in these cases.

On June 24, 2021, Vitaworks provided Defendants with proposed amended Complaints substantially in the form attached hereto, and sought Defendants' consent to file them. During a meet and confer call conducted on June 25, 2021, Defendants' prior counsel represented that they did not see any problems with the amended Complaints and were in the process of securing their clients' consent.

Then, a few days later on June 30, 2021, Defendants' prior counsel informed Vitaworks that they would be replaced by other counsel. When new counsel appeared two weeks later, Defendants changed course, stating on July 16, 2021, that they would oppose the amendments on the grounds that (i) Defendants would be prejudiced by Vitaworks' addition of the new patents because the case would be more complex, and (ii) adding QYP was not necessary in light of the Hague letter of request issued by the Court. (Ex. F, Defs' 7/16/21 Email.) New counsel also advised Vitaworks at that time that they represent QYP in addition to the Defendants. (*Id.*) There was another meet and confer call on July 20, 2021, during which Defendants' new counsel also stated that they believe the Court does not have jurisdiction over QYP. On July 23, 2021, Defendants confirmed that they would oppose any amendment of the complaints. (Ex. G, Defs' 7/23/21 Email.)

## II. ARGUMENT

Under Rule 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Alvin v. Suzuki*, 227 F.3d 107, 121–22 (3d Cir. 2000) (same). Vitaworks' amendments are timely because they come well before the October 1, 2021 deadline to amend, they will not prejudice Defendants, and they are not futile.

### A. Vitaworks' Amendments Are Timely and Made in Good Faith.

A motion for leave to amend that is "filed within the deadline set forth in the scheduling order for amending pleadings . . . generally precludes a finding of undue delay." *Intell. Ventures I LLC v. Toshiba Corp.*, 2015 WL 4916789, at *2 (D. Del. Aug. 17, 2015). Similarly, courts have found that a timely filed proposed amendment weighs against a finding of bad faith. *See Trueposition, Inc. v. Allen Telecom, Inc.*, 2002 WL 1558531, at *2 (D. Del. July 16, 2002). Challenges based on bad faith "focus on the plaintiffs' motives for not amending their complaint . . . earlier", *J.E. Mamiye & Sons, Inc. v. Fid. Bank*, 813 F.2d 610, 614 (3d Cir. 1987) (citation omitted), and typically rely on some showing of a "sinister motive" or

"nefarious purpose", *U.S. ex rel. B & R, Inc. v. Donald Lake Constr.*, 19 F. Supp. 2d 217, 221 n.6 (D. Del. 1998).

Vitaworks seeks to amend its Complaints well before the October 1, 2021 deadline to amend pleadings that was agreed to by the parties and ordered by the Court. (D.I. 44.) Vitaworks provided Defendants notice of the proposed amendments in June 2021, more than three months before the deadline for motions for leave to amend. This is sufficient to establish that Vitaworks' amendments are timely and not in bad faith. *See Intell. Ventures I*, 2015 WL 4916789, at *2; *see also TruePosition*, 2002 WL 1558531, at *2 (timeliness weighs against bad faith).

Vitaworks did not delay in asserting either the '183 Patent or the '755 Patent, which have similar claims. Defendants can hardly argue that Vitaworks unduly delayed alleging infringement of the '183 Patent. The patent only issued on March 30, 2021. At that point, Vitaworks was negotiating a scheduling order that would provide for early disclosure by Defendants of certain information in their possession about QYP's infringing process. Once Defendants provided that information, on April 18 and May 14, 2021, Vitaworks confirmed that QYP's process infringes the '183 Patent. Vitaworks then prepared infringement contentions for the '183 Patent and provided them to Defendants on June 14, 2021.

Nor did Vitaworks unduly delay in asserting the '755 Patent. After Vitaworks asserted certain family members of the '755 Patent in prior litigation, another taurine

manufacturer, Hubei Grand Life Science and Technology Co., Ltd ("Hubei Grand"), filed IPRs with the PTO seeking to invalidate those related patents. The IPRs were pending when Vitaworks filed these actions on December 12, 2019. Vitaworks did not wish to include the '755 Patent in the actions against the Defendants during the pendency of the IPRs. However, those IPRs were fully resolved with the reissue of each of the patents subjected to the IPRs, a process that was completed on January 12, 2021.[1] With the conclusion of the IPR proceedings and the issuance of the '183 Patent, it became clear that Vitaworks should assert infringement of the '755 Patent along with the related '183 Patent in these cases.

Vitaworks acted promptly by evaluating infringement of the '183 Patent once it issued, confirming infringement of the '183 Patent and '755 Patent based on discovery provided by Glanbia and Prinova, and waiting until the IPR proceedings concerning related patents ended before asserting the '755 Patent here. Defendants' contention that Vitaworks did not act diligently or in good faith by not amending sooner is hard to fathom when Vitaworks asserted these patents early in these actions and at the time when it made the most sense to do so: when it served infringement

---

[1] With the IPRs resolved, Vitaworks filed a different action in this Court (C.A. No. 21-cv-00327-CFC) accusing Glanbia of infringing the reissued patents and the '755 Patent. The taurine in that case is not supplied by QYP, but by two other Chinese manufacturers, Hubei Grand and Jiangyin Huachang Food Additive Co., Ltd. Those manufacturers use an infringing process that differs in some respects from the infringing process used by QYP.

contentions. Defendants have now had contentions for the ’183 Patent and ’755 Patent for nearly two months. In proceeding in this way, Vitaworks acted reasonably, responsibly and in good faith.

Vitaworks also did not unduly delay or act in bad faith in seeking to join QYP as a defendant in these cases. Vitaworks’ amendments come in response to Defendants’ repeated assertions that Vitaworks should join QYP. In support of their motion for a partial stay of discovery, Defendants complained that QYP should have been included in the case. Although Vitaworks pointed out that it was not then aware of a basis for this Court to assert jurisdiction over QYP, Defendants—who were at that time represented by counsel who had previously represented QYP in other litigations brought by Vitaworks—argued that QYP could be included in the case (*see* D.I. 41 at 1–2). After their motion for a stay was denied, on April 14, 2021, Defendants again suggested (several times) that Vitaworks join QYP as a defendant. In light of Defendants’ repeated suggestions, Vitaworks decided to join QYP in these actions. Although Defendants were initially receptive, they then replaced their counsel with ***QYP’s*** current counsel, and opposed the joinder of QYP to these actions. After months of insisting that QYP should be joined as a defendant in these cases, Defendants should not be heard to argue that Vitaworks’ amendment to add QYP is untimely or in bad faith.

B. Defendants Will Not Suffer Undue Prejudice.

Undue prejudice is unlikely to occur where a motion to amend is made within the deadline set in the scheduling order. *See Butamax Advanced Biofuels LLC v. Gevo, Inc.*, 2012 WL 2365905, at *2 (D. Del. Jun. 21, 2012). No undue prejudice exists where the parties have ample time to conduct discovery on the newly-added claims. *See Centerforce Techs., Inc. v. Austin Logistics, Inc.*, 2000 WL 652943, at *6 (D. Del. Mar. 10, 2000) (holding that addition of new patent claims is not prejudicial where "discovery has not yet closed, the [added patent] is closely related to [a patent-in-suit, and] both claims involve the same product").

Defendants have no grounds to claim prejudice. Discovery has just begun and is not scheduled to conclude until June 8, 2022. The trials of these actions are not scheduled to begin until 2023. Only one significant deadline has passed—service of Vitaworks' infringement contentions on June 14, 2021—and Vitaworks provided detailed contentions for the '183 Patent and '755 Patent. (D.I. 54.) Defendants have ample time to take full discovery on the new patents and QYP.

Moreover, the new patents are similar to the Patents-in-Suit and cover the same infringing QYP processes. *See Centerforce*, 2000 WL 652943, at *6. Vitaworks' allegations of infringement of the two new patents are based on virtually the same evidence as in the original Complaints, and do not substantially change the scope of discovery. (Exs. A and C ¶¶4, 50–55.) Defendants claim that they will

suffer prejudice because the case will be more complex and difficult for a jury to understand. To the extent any such complexity exists, that can be addressed, if necessary, at the pre-trial conference and trial; it is not a valid ground to deny amendment of the Complaints at this early stage of the proceedings. *See Targus Int'l LLC v. Victorinox Swiss Army, Inc.*, 2021 WL 2291978, at *3 (D. Del. June 4, 2021) (a party's time and effort in defending against a new claim "does not, in itself, amount to undue prejudice" even where the amendment was untimely and would "increase the cost and complexity of the current litigation").

Similarly, Defendants will not be prejudiced from the inclusion of QYP. There is time between now and next June to take discovery of QYP. If anything, adding QYP to the case could eliminate Defendants' claims of prejudice. Defendants have repeatedly stated that they possess insufficient information concerning QYP's accused process for producing taurine to defend themselves against Vitaworks' infringement claims. (*See, e g.*, D.I. 33 at 8–10; D.I. 41 at 2; Ex. E, 4/14/21 Hr'g Tr. at 6:4–7:9.) The addition of QYP as a party would allow Vitaworks and Defendants to take full discovery of QYP, rather than having to rely on the inefficient and potentially insufficient process of the Hague Convention.

C. <u>The Proposed Amendments Would Not Be Futile.</u>

A motion for leave to amend is not futile *unless it is clear* that the amended complaint "would not survive a motion to dismiss for failure to state a claim upon

which relief could be granted". *Alvin*, 227 F.3d at 121; *see also Agere Sys. Guardian Corp. v. Proxim, Inc.*, 190 F. Supp. 2d 726, 736-37 (D. Del. Mar. 6, 2002). Even then, courts have stated that the "better course is to liberally allow amendments that state a colorable claim and defer judgment as to whether they survive a motion to dismiss for failure to state a claim until such time when that motion is raised." *Agere Sys.*, 190 F. Supp. 2d at 736.

Vitaworks' proposed amended Complaints should withstand a motion to dismiss. Vitaworks' allegations regarding infringement of the two additional patents are similar to those regarding infringement of the current Patents-in-Suit and are based on substantially the same evidence presented in the original Complaints. (Exs. A and C ¶¶4, 50–55.) Similarly, most of Vitaworks' allegations regarding QYP's infringement were already included in Vitaworks' original Complaints, except for the addition of details about QYP's importation history (*id.* ¶¶64–69). The Court found that Vitaworks' original Complaints stated plausible causes of action. (D.I. 27.) The proposed amended Complaints should withstand any similar attacks on the same grounds.

## III. CONCLUSION

Vitaworks respectfully requests that the Court grant its motion for leave to file its First Amended Complaints, attached as Exhibits A and C.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)
Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mdellinger@morrisnichols.com

*Attorneys for Plaintiffs*

OF COUNSEL:

Keith R. Hummel
Sharonmoyee Goswami
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000

August 4, 2021

## **RULE 7.1.1 CERTIFICATE**

I hereby certify that the subject of the foregoing motion has been discussed with counsel for the defendants and that we have not been able to reach agreement.

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)

## WORD COUNT CERTIFICATION

The undersigned counsel hereby certifies that the foregoing document contains 2,358 words, which were counted by using the word count feature in Microsoft Word, in 14-point Times New Roman font. The word count includes only the body of the motion. The word count does not include the cover page, tables of contents and authorities, or the counsel blocks.

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)

**CERTIFICATE OF SERVICE**

I hereby certify that on August 4, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on August 4, 2021, upon the following in the manner indicated:

Adam W. Poff, Esquire *VIA ELECTRONIC MAIL*
Beth A. Swadley, Esquire
YOUNG CONAWAY STARGATT
& TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
*Attorneys for Defendants*

Michael N. Kennedy, Esquire *VIA ELECTRONIC MAIL*
Brianne Bharkhda, Esquire
COVINGTON & BURLING LLP
One CityCenter 850 Tenth Street, NW
Washington, DC 20001-4956
*Attorneys for Defendants*

Ruixue Ran, Esquire *VIA ELECTRONIC MAIL*
Sheng Huang, Esquire
COVINGTON & BURLING LLP
2301 Tower C Yintai Centre
2 Jianguomenwai Avenue
Beijing, China 100022
*Attorneys for Defendants*

M. Nicholas Rutigliano, Esquire
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
*Attorneys for Defendants*

*VIA ELECTRONIC MAIL*

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)