IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VITAWORKS IP, LLC and VITAWORKS, LLC, <br><br>                   Plaintiffs, <br><br>             v. <br><br> GLANBIA NUTRITIONALS (NA), INC., et al., <br><br>                   Defendants. | C.A. No. 19-2259-GBW <br> (consolidated) |

### ORDER

At Wilmington this 13th day of July, 2023:

Having reviewed Plaintiffs Vitaworks IP, LLC and Vitaworks, LLC's (collectively, "Vitaworks") Motion to Stay or, in the Alternative, to Amend the Scheduling Order (D.I. 268, the "Motion"), IT IS HEREBY ORDERED that the Motion is GRANTED as follows:

1.      Vitaworks moves to stay this action "pending resolution of (i) the discovery disputes identified in D.I. 188 and D.I. 230 regarding Defendant Qianjiang Yongan Pharmaceutical Co. Ltd.'s ('QYP') objections to the disclosure of its Highly Confidential and Confidential Information to five individuals disclosed by Plaintiffs under Paragraph 6 of the Protective Order; (ii) the discovery dispute identified in D.I. 230 regarding the scope of a document collection from a third party based in China; (iii) the discovery dispute identified in D.I. 230 regarding the scope of Defendants' requested inspection of Vitaworks' facilities; and (iv) QYP's Motion To Compel Compliance with, and Remedy Violation of, the Stipulated Protective Order (D.I. 51) and the Court's May 30, 2023, Order (D.I. 240) (D.I. 253)." D.I. 268 at 1.

2.      A court has discretionary authority to grant a motion to stay. *See Dentsply Int'l Inc. v. Kerr Mfg. Co.*, 734 F. Supp. 656, 658 (D. Del. 1990). Courts generally consider three

factors to determine whether a stay is appropriate: (1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay or allow the movant to gain a clear tactical advantage. *See Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*, C.A. No. 15-1168-LPS, 2021 WL 616992, at *2 (D. Del. Feb. 17, 2021) (citing *Ethicon LLC v. Intuitive Surgical, Inc.*, C.A. No. 17-871-LPS, 2019 WL 1276029, at *1 (D. Del. Mar. 20, 2019)). Here, all three factors favor a stay.

3. As for the first factor, granting a stay pending the Court's resolution of various disputes bearing on Vitaworks' Court-ordered right to conduct a second inspection of QYP's plant will simplify the issues for trial. This Court permitted Vitaworks to conduct a second inspection in view of QYP's untimely document production one day before the first inspection took place. *See* D.I. 241. But QYP has not provided Vitaworks with a meaningful opportunity to conduct a second plant inspection consistent with this Court's prior Order requiring QYP to do so. *Id.* The Court is not persuaded by QYP calling Vitaworks' Court-ordered right to a second inspection a "fishing expedition." D.I. 284 at 15.

4. It appears that the parties agree that while QYP offered Vitaworks to conduct an inspection on July 6 or 7, QYP did not authorize Vitaworks to bring *any* China-based experts to that inspection. D.I. 284 at 6-11; D.I. 268 at 5-6; 9. QYP blames Vitaworks for that outcome, arguing Vitaworks should have disclosed experts acceptable to QYP earlier, should simply use one of its other U.S.-based experts or its China-based attorney, or look harder to find an expert acceptable to QYP. D.I. 284 at 4-11. QYP also seems to suggest that it can deny Vitaworks' use of any China-based expert because of the Court's so-called "reluctance to grant such access." *Id.* at 11.

5.      QYP's approach is not persuasive. To be clear, the Court did not (and has not) sustained QYP's objections to Vitaworks' three China-based consultants. D.I. 241. The Court has never condoned a blanket objection to any China-based consultant. The Court "reserve[ed] decision on QYP's objections to Vitaworks' three China-based consultants pending the Court's resolution of QYP's" motion to "'issue an Order to Show Cause why . . . [Vitaworks] and/or its counsel should not be sanctioned, under Rule 37 of the Federal Rules of Civil Procedure and/or the Court's inherent authority, for their admitted violation of the Stipulated Protective Order in this litigation.'" *Id.* ¶ 5 (citing D.I. 231 at 1, the "Show Cause Motion"). Although the Court partially resolved QYP's Show Cause Motion by ordering Vitaworks to submit various declarations and produce certain documents, the Court did not address QYP's objection to Vitaworks' experts at that time. D.I. 240. QYP then filed an "Emergency Motion To Compel Compliance with, and Remedy Violation of, the Stipulated Protective Order (D.I. 51) and the Court's May 30, 2023, Order (D.I. 240)" (D.I. 253, the "Emergency Motion"), which is scheduled for argument on August 2, 2023. D.I. 270. Thus, QYP's objections to Vitaworks' experts remain pending before the Court.

6.      Accordingly, it is not reasonable for QYP to claim that "there is nothing preventing Vitaworks from conducting its second inspection except Vitaworks itself" (D.I. 284 at 12) while the Court's decision on Vitaworks' experts remain pending and QYP has apparently vetoed Vitaworks' use of any other China-based experts fluent in Mandarin. Neither is it reasonable (nor appropriate) for QYP to demand that Vitaworks "provide any authority to support the position that Vitaworks may forego or indefinitely delay a discovery event, such as an inspection, because it has failed to secure its preferred expert," D.I. 284-2 at Ex. 20 at 1, when Vitaworks' preferred experts remain subject to QYP's objections.

3

7. Thus, a stay pending resolution of issues bearing on Vitaworks' second inspection will likely simplify the issues for trial because a second inspection and the analyses flowing therefrom "may prove dispositive on the issue of QYP's infringement or Vitaworks' potential request for a presumption of infringement under 35 U.S.C. § 295." D.I. 268 at 6-7. Indeed, QYP's Emergency Motion seeks sanctions including "precluding Vitaworks' ability to shift the burden of infringement under 35 U.S.C. § 295." D.I. 254 at 15. For the foregoing reasons, the first factor favors a stay.

8. As for the second factor, trial is approximately one year away. Although fact discovery is set to close on July 14, 2023, important factual issues remain outstanding, including Vitaworks' second inspection of QYP's facility. As described above, that second inspection has not yet occurred. The parties would not be fighting over the bounds of a second inspection had QYP acted reasonably in connection with the first one. In addition to the Court's decision on Vitaworks' experts and QYP's Emergency Motion, other disputes impacting fact discovery remain pending, including two issues that have been referred to a Special Master (D.I. 230; D.I. 238). Thus, the second factor favors a stay.

9. As for the third factor, it is difficult to understand how QYP will suffer any relevant prejudice because it is the *plaintiff* moving for a stay. *See, e.g., Argos v. Orthotec LLC*, 304 F. Supp. 2d 591, 598 (D. Del. 2004) (finding stay "would present a distinct disadvantage to [plaintiff] and merely delay [plaintiff's] right to adjudicate its case against [defendant]"). Instead, it appears that Vitaworks will be prejudiced by QYP's conduct, which has hampered Vitaworks' ability to obtain discovery to which it is entitled. The Court does not intend this limited stay to disrupt both trials scheduled for next year. Thus, the third factor favors a stay.

10.     Finally, the Court in its discretion believes a stay, rather than amending the scheduling order, is most appropriate at this juncture. The Court observes that Vitaworks' Proposed Order to Extend Deadlines (D.I. 268-1 at Ex. 1)—which would have modestly extended fact discovery by less than two months, extended the deadline for dispositive and *Daubert* motions by one week, and does not disturb either trial date—sets forth the type of solution this Court expects parties to resolve without judicial intervention. But QYP opposed that solution without substantive explanation, appearing to hold Vitaworks to a fact discovery deadline that QYP appears to be at least partially responsible for straining. Thus, the Court hopes that, by staying this action until the Court resolves the parties' underlying disputes, the parties will be able to refocus their efforts on litigating the merits of this action rather than stooping to accusations of gamesmanship—accusations that do not reflect well upon counsel making them and are not helpful to the Court.

11.     Accordingly, the Motion is GRANTED, and this action is STAYED pending resolution of the disputes identified in D.I. 188, D.I. 230, and D.I. 253 in C.A. No. 19-2259. The dates for trial in both actions are not affected by this Order.

_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE